UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIVINE HOME REMODELLING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19CV3098 RLW |
| | ) |
| BIOMERIEUX, INC., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant bioMérieux, Inc.'s ("bioMérieux") Motion to Dismiss (ECF No. 6). Plaintiff filed a *pro se* Petition on September 27, 2019 in the Circuit Court of St. Louis County, Missouri. (ECF No. 3) Plaintiff alleges Defendant bioMérieux "constantly violates my 1st Amendment rights, continuously attempting to murder me, bully, harass, and negatively interfere with my current employment, all on a daily basis since my employment with the company under facilities manager Mike McKeethon in 2013 whom is a member of the Ku Klux Klan, republican party . . . ." (*Id.*) He requests damages in the amount of "78 decillion dollars, health care for life and ownership of [bioMérieux, Inc.]." (*Id.*)

On November 14, 2019, Defendant filed a Notice of Removal and removed the cause of action from State court to the United States District Court for the Eastern District of Missouri based on federal question jurisdiction. (ECF No. 1) On November 21, 2019, Defendant filed the present Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction because Plaintiff is a company and may not appear *pro se*. (ECF No. 6) Defendant also requests the case be dismissed under Rule 12(b)(6) of the for failure to state a claim. (*Id.*) Plaintiff did not file a timely response.

On January 6, the Court issued an Order to Show Cause, ordering Plaintiff to "show cause, in writing and no later than January 21, 2020, why it has failed to respond to Defendant's Motion to Dismiss. Failure to comply with this Order may result in dismissal of Plaintiffs claims against Defendant bioMérieux." (ECF No. 8) In response, Plaintiff filed a motion for appointment of counsel and supporting documentation. (ECF No. 9) On February 3, 2020, the Court issued a Second Order to Show Cause "why it has failed to respond to Defendant's Motion to Dismiss. Failure to comply with this Order will result in dismissal of Plaintiffs claims against Defendant bioMerieux." (ECF No. 10) The Court noted Plaintiff Divine Home Remodeling, LLC, a corporation, cannot appear *pro se* and must be represented by counsel. (*Id.*)

On February 25, 2020, Plaintiff filed a response "Showing Cause" consisting of 11 single-spaced pages reasserting his claims and providing additional facts. (ECF No. 11) These "facts" include allegations of attempts on Bryan Cottle's life by bioMerieux, the United Nations, the St. Louis City Police, employees of Ball Park Village, Donald Trump, the Metro transportation department, the St. Louis fire department, the Busch family, St. Louis County, and the United States Postal Service.

The Court finds Mr. Cottle's *pro se* document filed with the Court is unresponsive to Defendant's motion to dismiss. In the motion, bioMerieux contends Plaintiff Divine Home Remodeling, LLC may only appear through a licensed attorney. The Court agrees and has advised Mr. Cottle, the organizer and registered agent of Divine Home Remodeling, LLC, that he must retain counsel to represent his company. (ECF No. 10) However, Mr. Cottle has not complied.

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may dismiss a claim for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. The

2

requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (internal citations and quotation marks omitted). "The purpose of a Rule 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as 'judicial economy demands that the issue be decided at the outset rather than deferring it until trial.'" *B.A. v. Missouri*, No. 2:16 CV 72 CDP, 2017 WL 106433, at *1 (E.D. Mo. Jan. 11, 2017) (quoting *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990)).

Here, the Court finds the pleadings filed by Mr. Cottle on behalf of Divine Home Remodeling, LLC are not properly before this Court. *See City of Kansas City, Mo. v. Hous. & Econ. Dev. Fin. Corp.*, 366 F. App'x 723, 723–24 (8th Cir. 2010) (concluding pleadings filed by pro se individual on behalf of his company were not properly before the district court because artificial entities may appear in federal court only through licensed attorneys) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202-03 (1993)). Thus, the Court concludes it lacks jurisdiction over Plaintiff's complaint, and dismissal under Rule 12(b)(1) is warranted.

The Court dismisses for the additional reason that Plaintiff has failed to comply with this Court's directives and with the Local Rules and Federal Rules of Civil Procedure. In the Second Order to Show Cause, the Court informed Plaintiff it "must retain counsel to proceed with its case against Defendant." (ECF No. 10) The Court also advised, "[f]ailure to comply with this Order will result in dismissal of Plaintiff's claims against bioMerieux." (*Id.*) Plaintiff has not retained counsel, nor have its pleadings been responsive to bioMerieux's motion to dismiss for lack of jurisdiction. Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss a cause of action "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order."

3

Fed. R. Civ. P. 41(b). The Court finds dismissal under Rule 41 is also proper, as Plaintiff has not complied with orders of this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED.** A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order and the Order of Dismissal via US Postal mail and UPS to Plaintiff Divine Home Remodelling LLC c/o Bryan Cottle, P.O. Box 3851, St. Louis, MO 63136.

Dated this 5th day of March, 2020.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**